STATE of Missouri, Respondent,

v.

**Donnell BOYD, Appellant.**

**Donnell BOYD, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 62694, 63753.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 21, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 14, 1994.

Application to Transfer Denied
March 22, 1994.

gunpoint by two men while they were sitting in their automobile near a McDonald's on Kingshighway and Natural Bridge in St. Louis. The men took various personal items of the victims, as well as the automobile which they were driving. All three victims later identified Defendant as the man who held the gun during the robberies.

After trial, a jury convicted Defendant of three counts of first degree robbery and three counts of armed criminal action. On September 10, 1992, Defendant was sentenced to six concurrent terms of thirty years' imprisonment and remanded to the Missouri Department of Corrections. On February 23, 1993, Defendant filed a Rule 29.15 motion, which was summarily denied.

In Point I, Defendant contends the trial court erred in sustaining the State's objection to the testimony of Officer Bockstruck when Defendant attempted to impeach Gary Renfrow with prior inconsistent statements Renfrow made to Bockstruck.

On direct, Renfrow testified he and his two friends were walking on the street and someone was following them. When they neared an alley, a car with two people pulled into the alley in front of them. The person behind them ran in front of them and demanded Renfrow's jacket. When Renfrow refused, the man pulled a gun and took the jacket. The man then jumped into the car and it drove away.

On cross-examination, the following exchange occurred:

Q. Okay. Did you talk to anyone before you got home?
A. Yes. The police.
Q. Okay. And do you know how much later it was that you talked to the police?
A. It was about five minutes after it happened.
Q. Okay. And where did you talk to the police?
A. On California.
Q. On California?
A. Yes.
Q. Okay. Did you talk to more than one police officer or just one police officer?
A. Just one.

John A. Klosterman, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

This is a consolidated appeal. Defendant appeals from his convictions for three counts of first degree robbery and three counts of armed criminal action. He also appeals the subsequent denial of his Rule 29.15 motion. We affirm.

Only a brief recitation of the facts is necessary, because Defendant does not challenge the sufficiency of the evidence. The charges in question arose out of two separate incidents which occurred on November 10, 1991. On that date, Gary Renfrow was confronted near Meramec and California streets in St. Louis by a man on foot and two other persons in an automobile. The man took Renfrow's "Starter" jacket at gunpoint. Renfrow reported the robbery to the police and later identified Defendant as the man who robbed him.

Also on that date, Lisa LaGrone, Vander Bost, and LaVonder Bishop were robbed at

Q. Was that a female police officer?

A. Yes, it was.

Q. Okay. And do you recall what you said to this police officer at that time?

A. I just explained to her what happened.

Q. Did you—When you say "explained to her what happened," you told her what you just told us; is that what you're saying?

A. Yeah.

Q. Did you say anything else to her about what had happened?

A. No.

Defendant thereafter called Officer Bockstruck to the stand. She testified she spoke with Defendant on California on the day in question. She stated he told her he had just been robbed. When counsel asked Officer Bockstruck to read the police report of what else Renfrow told her, the State objected. That report allegedly states Renfrow told her he saw three black males leave a home, one man came running up to him and robbed him while the other two men got into an automobile. The trial court sustained the objection, finding Defendant had failed to lay a proper foundation before moving to admit extrinsic evidence of Renfrow's prior inconsistent statements.

■ The sufficiency of the foundation for the admission of a prior inconsistent statement is within the discretion of the trial court. On appeal, appellate review is limited to whether the trial court abused its discretion. *Eissler v. Londoff,* 677 S.W.2d 358, 361 [3] (Mo.App.1984).

■ To impeach a witness with extrinsic evidence of prior inconsistent statements, the witness must be given an opportunity to refresh his or her recollection and to admit, deny, or explain the statement. *Lee v. Hartwig,* 848 S.W.2d 496, 499 [4] (Mo.App.1992); *State ex rel. Hwy. & Tr. Com'n v. Pracht,* 801 S.W.2d 90, 94 [15] (Mo.App.1990). In laying the proper foundation, it is necessary to ask the witness whether he or she made the statement, quote the statement, and point out the precise circumstances under which it was allegedly made, including to whom the witness spoke and the time and place of the statement. *Whitley v. Whitley,* 778 S.W.2d 233, 238 [6] (Mo.App.1989); *Hildebrand v. Ballard,* 767 S.W.2d 62, 65 (Mo.App.1989).

■ Here, the foundation is inadequate. Counsel did generally discuss with Renfrow his conversation with Officer Bockstruck. However, counsel did not quote the exact statements of Renfrow. Nor did counsel ask Renfrow to admit, deny, or explain those statements. Without such an opportunity, the rule of fairness underlying the foundation requirement is abrogated. That rule requires a witness be given a chance to present a complete picture of his or her credibility by explaining any inconsistency. *State v. Ivicsics,* 604 S.W.2d 773, 780 [16] (Mo.App.1980). The trial court properly excluded extrinsic evidence of Renfrow's alleged prior inconsistent statements.

■ Further, Defendant's contention his right to confront the witnesses against him has been violated is misplaced. The confrontation clause of the Sixth Amendment does not prevent imposing reasonable limits on cross-examination. *Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 1435 [2], 89 L.Ed.2d 674 (1986). The confrontation clause merely guarantees the *opportunity* for effective cross-examination, not cross-examination to whatever extent the defense wishes. *Id.; State v. Schaal,* 806 S.W.2d 659, 663 [2] (Mo. banc 1991). The requirements of laying a foundation before impeaching a witness with prior inconsistent statements is a reasonable limit. Defendant had the opportunity to question Renfrow about the statement but chose not to do so. Point denied.

■ In Point II, Defendant challenges the trial court's failure to strike for cause five venirepersons. Defendant argues the court violated his right to a fair jury because he is entitled to a full panel of qualified venirepersons before making his strikes.

The State contends Defendant's point is barred by a recent amendment to § 494.480, effective August 28, 1993. We agree. The revised statute provides:

The qualifications of a juror on the panel from which peremptory challenges by the defense are made shall not constitute a

ground for the granting of a motion for new trial or the reversal of a conviction or sentence unless such juror served upon the jury at the defendant's trial and participated in the verdict rendered against the defendant.

Section 494.480, Vernon's Missouri Legislative Service Letter, Laws of the 87th General Assembly, 1993 First Regular Session, at 1345 (1993). Even though the revision was enacted while Defendant's appeal was pending, this court has previously held it is procedural in nature and applicable to Defendant. *See, State v. Wings,* 867 S.W.2d 607, 608–609 (Mo.App.1993) (retroactive application of the revision does not constitute an *ex post facto* violation) (not final pending motion for rehearing and transfer).

■ We adopt the reasoning of *Wings.* None of the challenged jurors remained on the sworn jury. As a consequence, § 494.480 defeats Defendant's contention. Point denied.

■ In Point III, Defendant contests the denial of his Rule 29.15 motion. The motion court denied Defendant's motion due to his failure to submit a verified motion pursuant to Rule 29.15(d). Defendant argues the verification requirement violates his right to due process of law. The Missouri Supreme Court has held the time limitations and procedural requirements of Rule 29.15 are valid and mandatory. *Day v. State,* 770 S.W.2d 692, 695 [1] (Mo. banc 1989); *See also, West v. State,* 787 S.W.2d 856, 857–58 [2] (Mo.App. 1990) (failure of defendant to verify his Rule 29.15 motion warrants dismissal). Accordingly, we deny Defendant's point.

■ Finally, Defendant challenges the submission of Instruction No. 4, patterned after MAI–CR3d 302.04, to the jury. He argues the definition of "reasonable doubt" with the words "firmly convinced" suggests a higher degree of doubt than is constitutionally required for acquittal. This same issue has been addressed and denied on countless occasions. *State v. Griffin,* 848 S.W.2d 464, 469 [8] (Mo. banc 1993); *State v. Twenter,*

818 S.W.2d 628, 634 (Mo. banc 1991). Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.