Joe B. JONES, Respondent,

v.

Lavon GRANT and Johnnie Lewis, Appellants.

No. WD 59812.

Missouri Court of Appeals, Western District.

May 28, 2002.

Phillip A. Brooks, Kansas City, for Respondent.

Phillip L. Morris, Kansas City, for Appellants.

Before ELLIS, P.J., and EDWIN H. SMITH and HOWARD, JJ.

VICTOR C. HOWARD, Judge.

Respondent, Joe Jones, brought a breach of contract action against his customers Johnnie Lewis and LaVon Grant, father and daughter (Appellants), for their refusal to pay the balance due on a construction project Jones contracted on. Appellants counterclaimed alleging Jones failed to perform the contracted work on their home in a workmanlike manner. Appellants appeal from the judgment entered in Jones's favor, alleging that the trial court erred in refusing to admit their expert witness testimony.

We reverse and remand for a new trial.

## Background

In September of 1999, Appellants hired Jones to perform several repairs to their home, which had been extensively damaged by fire. The parties entered into a written contract under which Appellants agreed to pay Jones $24,051.25 for the repairs. Appellants agreed to pay $12,000 up front with the remaining balance to be paid upon Jones's completion of the contracted work. Upon completing the repairs in November of 1999, Jones demanded payment of the remaining balance plus additional funds for additional repairs requested by Appellants. Appellants maintained that they were dissatisfied with Jones's work and refused to pay. They subsequently hired another contractor to repair their home.

On May 15, 2000, Jones filed suit in the associate circuit division of the Jackson County Circuit Court against Appellants for breach of contract. Jones requested damages in the amount of $14,000. Appellants filed a joint answer denying the allegations of Jones's petition and asserting several affirmative defenses and a counterclaim. Each of Appellants' allegations related to their contention that it was Jones who "defaulted on, abandoned, and breached" the contract by failing to repair their home in a satisfactory manner. In Appellants' counterclaim, they maintained that as a result of Jones's breach they were "forced to obtain a replacement contractor," were subjected to subcontractor liens filed against their home, and were forced to incur various out-of-pocket expenses.

On February 21, 2001, Appellants moved to amend their joint answer and counterclaim after having obtained deposition testimony from their "expert witness" concerning the exact amount of further necessary repairs and improvements on their home, which they had generally averred to in their original answer and counterclaim. They sought damages in the amount of $24,850.97.

On February 22, 2001, the case was tried to the court. Just prior to the start of trial, Jones's counsel filed and argued a motion *in limine* to exclude the testimony of Donald McCormick, whom Appellants intended to call as their expert witness. Jones's motion reasoned that Mr. McCormick was not qualified to provide expert testimony "due to the fact that Mr. McCormick [was] not a licensed plumber, electrician or contractor [under Kansas or Missouri laws], and he [was] not a member of any skilled trade unions." Appellants' counsel responded by pointing out that Mr.

McCormick was a general contractor, not a mechanical contractor, electrician or plumber, which occupations would require licensure. Appellants maintained that there was no license requirement for a general contractor in Missouri, but, instead, Mr. McCormick was "an expert by experience and by reputation." Appellants also noted that Jones, whose work McCormick was to testify about, was not licensed. Nonetheless, the court sustained Jones's motion *in limine* on the basis that Mr. McCormick was not a licensed contractor. Appellants' counsel then made the following offer of proof:

> Under Missouri law, a professional can be qualified by experience and by his expertise in the field. And the mere fact that he's not licensed in any of these fields does not disqualify him from giving his opinion. He's testified in numerous court proceedings, both in this county and across the state of Missouri and across the country regarding his profession. He's qualified with the standards, which are—what is reasonable and workmanlike. And those standards apply, regardless of whether or not the person who performs the work is licensed or not. He uses the same standards that the Court used, that the work must be done in a workmanlike manner, according to the case law. And those standards are set forth in the guidelines published by the members of his profession. So he's well-qualified, being more than 40 years in the business that he's going to testify on.

After this offer, the court again sustained Jones's motion to exclude Mr. McCormick's testimony, and the case proceeded to trial.

During the presentation of his case, Jones called Gary Jones,[1] an unlicensed

---

1. Gary Jones is not related to Respondent Joe Jones. We refer to him as "Gary" to avoid confusion between the two Joneses.

carpenter who had performed some of the repair work on Appellants' home, to testify. At one point, Jones's counsel asked Gary whether he was aware, by reading Mr. McCormick's deposition, of some of Appellant LaVon Grant's husband's complaints about Jones's work. The following exchange then occurred between the trial court and Jones's counsel:

> THE COURT: Now, if you're going to get into that, your motion for limine, you may open the door. I'm warning you now.
>
> MR. FINLEY [Jones's counsel]: I'm just—He[, Gary,] had said he did not know of any complaints, and I was just—
>
> THE COURT: Okay. You're trying to clear it up, but I'm saying if you're going to get into that, you may—I mean, we re-visit that.
>
> MR. FINLEY: I understand. That's all I'm going to ask him.
>
> THE COURT: Okay.
>
> MR. FINLEY: Just to be clear—clarified on that point.

The court then allowed Gary to step down. At the close of Jones's case, Appellants' counsel asked that the court reconsider and overrule Jones's motion *in limine* on the grounds that he had opened the door. The court responded, "[n]o. He didn't go that far. He stopped[,]" and denied the request.

In the presentation of their case, Appellant LaVon Grant testified concerning her counterclaim for damages arising from Jones's failure to complete the work in a workmanlike manner. During direct examination, counsel inquired as to Ms. Grant's opinion concerning the damages she sustained. Specifically, Ms. Grant was asked about an estimate, written by Mr. McCormick of Suburban Home Repair, "of what it would cost to correct the damages and repair [her] home and restore it to the condition that it was before the fire." Jones's counsel objected "to the written hearsay if he intends to offer the amount of the figure of the estimate." Appellants' counsel replied, "it probably is," and the court sustained the objection.

Upon Mr. Finley's completion of his cross-examination of Ms. Grant, the trial court directly questioned Ms. Grant about what she thought, in her estimate, it would cost to repair or correct the items not done or done incorrectly by Jones. Ms. Grant replied, "[o]h, my gosh. If I was to guess, I would probably have to say, based on what I see needs to be done, $21,000." The court then asked her to itemize her estimate. Mr. Finley objected to Ms. Grant's conclusion regarding the figure she gave for her damages. The court sustained the objection, reasoning as follows:

> Now, if she said, "I'd had 12 estimates and they added up to this," then I think that would be foundation. This was ... based on pure speculation, not any expertise or foundation.... I will tell you candidly I didn't put any weight on it because if she said I'd already talked with people and I found out these five people could correct all my problems, it's going to be a certain amount of money, that would have some weight, but this does not.

Despite these several attempts, Appellants were never allowed to introduce any evidence related to Mr. McCormick's estimate of the cost of repairs to Appellants' home.

After hearing the evidence, the trial court entered judgment for Jones on his petition in the amount of $6,000. The court also entered judgment for Jones on Appellants' counterclaim. This appeal fol-

lows.[2]

## Expert Witness

■ In their only point on appeal, Appellants maintain that the trial court erred in excluding the testimony of their expert witness, Donald McCormick, of Suburban Home Repair Company, Inc. Respondent filed no brief on appeal to rebut this contention.[3]

Appellants state in their brief on appeal that they intended to call Mr. McCormick:

as an expert witness to present an opinion as to whether the work performed by Jones was completed in a substantial workmanlike manner, whether Jones made all necessary repairs, and the cost of re-doing any work not completed in a substantial workmanlike manner and making necessary repairs not done by Jones.

They tried, to no avail, on several occasions to introduce the evidence.

■ *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976) sets forth our standard of review of this court-tried case. Unless there is no substantial evidence to support the trial court's judgment, the judgment is against the weight of the evidence, or the trial court erroneously declared or applied the law, we must affirm. *Murphy*, 536 S.W.2d at 32. In addition, "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule 73.01(c).[4] The trial

court's conclusions of law, however, will be independently reviewed. *Unlimited Equip. Lines, Inc. v. Graphic Arts Centre, Inc.*, 889 S.W.2d 926, 932 (Mo.App. E.D. 1994).

■ We review the trial court's exclusion of Mr. McCormick's testimony for an abuse of discretion, while granting substantial deference to its decision to exclude the testimony. *Aliff v. Cody*, 26 S.W.3d 309, 314 (Mo.App. W.D.2000). In reviewing the alleged error, "[t]he focus is not on whether the evidence was admissible but on whether the trial court abused its discretion in excluding the evidence." *Id.* Regardless of the rationale offered for the objection to the evidence or for the trial court's exclusion of it, if we discern from the record any recognizable ground for the trial court's exclusion of Mr. McCormick's testimony, we will uphold the ruling. *Id.* at 314–15. Moreover, even if we find the exclusion of the evidence to be in error, we will not reverse the trial court's judgment absent a finding that the error "materially affect[ed] the merits of the action." Rule 84.13(b); *Thornton v. Gray Auto. Parts Co.*, 62 S.W.3d 575, 583 (Mo.App. W.D. 2001).

■ Section 490.065 RSMo 2000 addresses the admissibility of expert witness testimony, stating in relevant part:

1. In any civil action, if scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue,

---

**2.** Section 512.180.2 RSMo 2000 allows that "any person aggrieved by a judgment rendered in [a case tried before an associate circuit judge, which is not otherwise provided for in the statute,] may have an appeal upon that record to the appropriate appellate court."

**3.** *See Scheble v. Missouri Clean Water Comm'n*, 734 S.W.2d 541, 545 (Mo.App. E.D. 1987) (holding that "[f]ailure of a respondent

to file a brief is an imposition on this court and leaves us dependent upon appellants' presentation and our own research. However, because no penalty is imposed by statute or rule, we will proceed to determine the case on its merits.")

**4.** Rule references are to the Missouri Rules of Civil Procedure (2002).

a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

\* \* \*

3. The facts or data in a particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing and must be of a type reasonably relied upon by experts in the field in forming opinions or inferences upon the subject and must be otherwise reasonably reliable.

\* \* \*

Thus, an expert witness may be qualified on foundations other than the expert's education or license. *Johnson v. State*, 58 S.W.3d 496, 499 (Mo. banc 2001). As explained by the Missouri Supreme Court:

Any weakness in the factual underpinnings of the expert's opinion or in the expert's knowledge goes to the weight that testimony should be given and not its admissibility. In general, the expert's opinion will be admissible, unless the expert's information is so slight as to render the opinion fundamentally unsupported.

*Alcorn v. Union Pac. R.R. Co.*, 50 S.W.3d 226, 246 (Mo. banc 2001) (citations omitted).

In this case, the trial court excluded Mr. McCormick's testimony solely on the grounds that he was not licensed. Perhaps if Appellants had proposed that Mr. McCormick provide his opinion as to work done by a licensed professional, such as a plumber or electrician, such a basis for denial of the testimony may have been proper. Instead, Mr. McCormick's opinion was being offered as to work done by Jones, a general contractor who was not licensed either.[5]

We hold that the trial court abused its discretion in excluding Mr. McCormick's testimony on Appellants' behalf on the sole ground that Mr. McCormick was not licensed. We are unable to discern from the record any other recognizable ground for the trial court's exclusion of Mr. McCormick's testimony from the record.[6] We further hold that this error materially affected Appellants' counterclaim because they were unable to introduce any legal evidence of their cost-of-repair damages. Appellants should not have been denied the opportunity to present such evidence through Mr. McCormick's testimony solely because he was not licensed.

Finally, because this matter is being remanded for a new trial, we are compelled to note that the trial court's reasoning for denying Ms. Grant's testimony concerning her estimate of damages was improper. As set forth above, in denying the evi-

---

5. The Eastern District has allowed as proper a general contractor's opinion—as expert witness testimony offered on the issue of damages for a counterclaim—based upon his qualification of having twenty-four years' experience as a general contractor without mention of licensure. *Kozeny–Wagner, Inc. v. Shark*, 709 S.W.2d 149, 152 (Mo.App. E.D. 1986).

6. Mr. McCormick's deposition was not admitted at the trial level and is not a proper part of the record on appeal for our consideration. Thus, Mr. McCormick's other qualifications to testify are not before this court. The sole

basis given by the trial court for its exclusion of the evidence was incorrect, and we are unable to determine any other reasonable basis for exclusion from the record. This is not to say that upon remand the trial court cannot exclude the testimony on other grounds or limit Mr. McCormick's testimony to a qualified opinion based upon his knowledge, skill, experience, training, or education under section 490.065. Also, *it is within the trial court's province to determine what weight the testimony is to be given. Alcorn*, 50 S.W.3d at 246.

dence, the trial court posited that if Ms. Grant had five or twelve estimates, then she would have the proper personal knowledge to lay a foundation for her testimony concerning the amount it was going to cost to repair her home. This is not the law in Missouri. Regardless of the number of estimates prepared by others that are offered as a basis for her estimate, such testimony would be inadmissible hearsay. *See Evans v. Werle,* 31 S.W.3d 489, 492 (Mo.App. W.D.2000) (finding the trial court erred in allowing the witness homeowner to testify about the cost of repairs to her home based upon an average of the bids of contractors in addition to discussing what constitutes sufficient evidence of damages for a submissible case for breach of contract in real property and defective construction cases).

Appellants' Point I is granted.

### Conclusion

Accordingly, the trial court's judgment on Jones's claim and Appellants' counterclaim is reversed. The causes are remanded for a new trial in accordance with this opinion.

ELLIS, P.J., and EDWIN H. SMITH, J., concur.