In re C.M., Jr., Appellant,

v.

JUVENILE OFFICER, Respondent.

No. WD 69467.

Missouri Court of Appeals, Western District.

Jan. 13, 2009.

Nancy A. McKerrow, Columbia, MO, for appellant.

Linda Marie Meyers, St. Joseph, MO, for respondent.

RONALD R. HOLLIGER, Presiding Judge.

This appeal arises from an adjudication by the juvenile court that C.M., a minor male, exposed his genitals during geometry class at his high school. C.M. argues that evidence of statements made by the victim, A.F., regarding sex was improperly excluded. He also argues that questions asked to another girl who witnessed the incident regarding specific acts of dishonesty by A.F. were improperly excluded. We affirm the decision of the juvenile court because C.M. made no offer of proof for any of the excluded evidence.

## Factual and Procedural Background

C.M. was taken under the jurisdiction of the juvenile court under section 211.091,[1] and placed on probation for committing acts which would constitute a class B misdemeanor of sexual conduct in the second degree, section 566.093, if committed by an adult. The conduct occurred at his high school when A.F., the female victim in this case, C.M., and two other students, one male and one female, were working on a group project together during geometry class. The students were not working on the project; instead, they were having a discussion about sex. C.M. had his arms inside his shirt because he was cold. He asked A.F. to get the headphones out of his pants pocket. She reached into his front pocket, from which she could see the headphones sticking out. She claimed that she could feel the skin of his penis. She exclaimed "ooh" and pulled her hand out. The two males in the group then exposed themselves to the two girls. A.F. asked the teacher to see the school counselor without telling him the reason and was denied. After school she went home and told her father what had happened. He took her back to the school. She told a police officer at the school what happened.

At the juvenile proceeding, A.F., C.M., and the other girl in the group, A.M., testified. During cross-examination, A.F. was asked, "Have you at other times during the school year told people around Central High School or some of your friends that you were pregnant?" The relevance objection to this question was sustained. Then she was asked, "Have you ever tried to tell people anything about sex besides discussing with them that you are bisexual?" An objection to this question regarding its relevance was sustained.

During A.M.'s testimony she was asked, "Do you recall any other instances during the past year or so that [A.F.] has said anything about matters sexual?" She was

1.  All statutory references are to RSMo 2000 and the Cumulative Supplement 2008.

also asked, "Do you remember [A.F.] telling people she was pregnant?" The juvenile court sustained objections to both of these questions. Then the following exchange occurred:

Q: Do you know anything about [A.F.'s] reputation for truth and honesty?

A.M.: I don't know; not really.

Q: Has she ever told you anything you didn't believe?

A.M.: Yeah.

Q: Such as?

State: Objection.

Court: Objection sustained.

Q: Do you believe everything she says?

A.M.: No.

Q: Why is that?

State: Objection.

Court: Objection sustained.

No offer of proof was made regarding any of the excluded evidence.

After the close of evidence, the juvenile court found that C.M. had exposed himself to A.F. C.M. was placed on probation. His punishment also required him to write a letter of apology to A.F. and to take a psycho-social assessment. C.M. appeals the judgment of the court, arguing that the juvenile court incorrectly excluded testimony.

## Standard of Review

■ Exclusion of evidence lies within the sound discretion of the trial court, and it will not be disturbed absent an abuse of discretion. *Whelan v. Mo. Pub. Serv., Energy One,* 163 S.W.3d 459, 461 (Mo.App. W.D.2005). An appellate court cannot reverse a judgment unless the error materially affected the merits of the action. Rule 84.13(b). The exclusion of evidence has a material effect on the merits of the action, if admission of the evidence would

have changed the outcome of the case. *Aliff v. Cody,* 26 S.W.3d 309, 321 (Mo.App. W.D.2000). "Generally, appellate courts will not review excluded evidence without a specific and definite offer of proof." *Frank v. Envtl. Sanitation Mgmt., Inc.,* 687 S.W.2d 876, 883 (Mo. banc 1985). A narrow exception to this requirement occurs if three conditions are met: "First, it requires a complete understanding, based on the record, of the excluded testimony. Second, the objection must be to a category of evidence rather than to specific testimony. Third, the record must reveal the evidence would have helped its proponent." *Id.* at 883–84.

## Analysis

C.M. argues in his sole point on appeal that the juvenile court abused its discretion when it sustained the objections to testimony concerning A.F.'s interest in sex, lying about being pregnant, and to the credibility questions that were asked of A.M. First, we will address the questions regarding A.F.'s interest in sex. Then we will address the questions regarding A.F.'s credibility.

■ C.M. was charged under section 566.093.1(1), which requires a showing that he exposed his genitals and knew that this conduct was likely to cause affront or alarm. C.M. claims to have two defenses to this charge. First, that he did not do it; and second, that he had no reason to know that his conduct was likely to cause affront or alarm to A.F. He argues that the questions regarding A.F.'s statements about sex and her claimed pregnancy were relevant to the second defense, because the answers to these questions would have shown that he had no reason to know that his conduct would cause offense. However, there was no offer of proof that this was the reason the evidence was being presented. This evidence does not fall into

the exception to the requirement that an offer of proof must be made, because it is not clear from the record why this evidence is being offered. Questions about A.F.'s past claims of pregnancy or discussions about sex do not by themselves reveal to the parties or the juvenile court that they are meant to attack the second element of the offense.

C.M. argues to the contrary that he has a right to cross-examine the witness's biases. He relies on *State v. Hedrick* for the proposition that, especially in sex offense cases with young child witnesses, the accused needs fairly wide latitude in developing the subtle influences and pressures which may be at work upon the child to produce a fabricated or distorted account. 797 S.W.2d 823, 826 (Mo.App. W.D.1990). *Hedrick* also states that " '[b]ias, in common acceptance, covers all varieties of hostility or prejudice against the opponent personally ... The kinds of evidence [include] ... the circumstances of the witness' situation, making it 'a priori' probable that he has some partiality of emotion for one party's cause.' " *Id.* at 825 (quoting 3A WIGMORE ON EVIDENCE § 945 (Chadbourn rev.1970)). Based on this, we cannot see how these questions were meant to elicit bias, nor has C.M. provided us with such an explanation. Thus, the admission of this evidence for this purpose required an offer of proof, and the evidence was not improperly excluded.

Furthermore, the credibility evidence that was excluded was impermissible without a sufficient offer of proof. "A witness cannot be impeached by proof of a bad reputation for morality or proof of any specific act indicating moral degeneration." *State v. Wolfe,* 13 S.W.3d 248, 258 (Mo. banc 2000). "The impeaching testimony should be confined to the real and ultimate object of the inquiry, which is the reputation of the witness for truth and veracity."

*Id.* "[S]pecific acts of misconduct, without proof of bias or relevance are collateral, with no probative value." *Id.* The excluded questions regarding credibility were each designed to elicit specific acts of lying, which is impermissible without proof of bias or relevance. No offer of proof was made, which could have established such proof. Thus, the evidence was properly excluded.

The evidence was not improperly excluded. The judgment of the juvenile court is affirmed.

JOSEPH M. ELLIS, Judge, and LISA WHITE HARDWICK, Judge, concur.