**Ronnie VAN METER and Tonya Van Meter, Appellants,**

v.

**DAHLSTEN TRUCK LINE, INC. and Dale Chaney, Respondents.**

No. WD 52639.

Missouri Court of Appeals, Western District.

Feb. 18, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 1, 1997.

Application to Transfer Denied May 27, 1997.

C. Robert Buckley, Lisa N. Gentleman, Independence, for appellants.

Hal D. Meltzer, Gregory N. Pottorff, Turner & Boisseau, P.C., Kansas City, for respondents.

Before ULRICH, C.J., P.J., and BERREY and SMART, JJ.

ULRICH, Chief Judge, Presiding Judge.

In this personal injury action, Ronnie and Tonya Van Meter appeal the order of the trial court overruling their motion for a new trial. Ronnie Van Meter's left hand was injured when an 18–wheel tractor trailer was being backed into a docking area. The Van Meters claim that the trial court abused its discretion in excluding the testimony of their expert witness regarding the techniques of safe operation of the 18–wheel tractor trailer. The Van Meters contend that the topic was not within the common knowledge of the average juror and that the expert's testimony was, therefore, necessary to aid the jury in rendering its verdict. The judgment of the trial court is affirmed.

Ronnie and Tonya Van Meter sued Dahlsten Truck Line, Inc. and Dale Chaney, a truck driver employed by Dahlsten, for personal injury damages. They alleged that Mr. Chaney negligently operated an 18–wheel tractor trailer causing Mr. Van Meter to sustain injury to his left index finger requiring partial amputation and a lacerated left middle finger.

The accident from which the lawsuit arose occurred while Mr. Chaney was attempting to back his tractor trailer into a dock. Mr. Van Meter, a warehouseman at the dock, was supervising the unloading of deliveries the night of the accident. Because the dock was located in an underground warehouse facility with limestone pillars, Mr. Chaney had difficulty backing his truck into the tight fitting area of the dock and had to pull forward and back up several times. As the truck was maneuvered, Mr. Van Meter unlatched the trailer doors to check for clearance, and the driver's side door swung forward and crushed his left hand between the door and a pillar causing the injury to his fingers.

At trial, conflicting testimony was presented regarding whether Mr. Chaney saw Mr. Van Meter behind his trailer as he attempted to back into the dock and whether Mr. Chaney knew that Mr. Van Meter was going to unlatch the trailer doors. Following the four day trial, the jury returned a verdict in favor of Dahlsten and Mr. Chaney. The Van Meters filed a motion for a new trial. The motion was denied, and judgment was entered in accordance with the verdict. This appeal followed.

As their sole point on appeal, the Van Meters claim that the trial court abused its discretion in excluding the testimony of their expert witness. Specifically, the expert would have testified that in his opinion, based on the Department of Transportation's Federal Motors Guide, a driver would not be operating his tractor trailer with the standard of care required if he moved his truck while the trailer doors were unlatched or unsecured. The expert would also have testified that the driver of a tractor trailer

operating the vehicle as it was operated would have been able to see a person standing where Mr. Van Meter stood when he was injured. The Van Meters assert that the topics of the expert's testimony were not within the common knowledge of the average juror and that the testimony would have aided the jury in rendering its verdict.

Expert testimony is admissible in a civil action "if scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." § 490.065, RSMo 1994. If the subject of the expert's testimony is within the knowledge or experience of lay people, however, the expert testimony is not required and is superfluous. *Jake C. Byers, Inc. v. J.B.C. Inv.*, 834 S.W.2d 806, 818 (Mo. App.1992). Additionally, when enough information is given to the fact finder enabling it to evaluate the facts of the case, the expert's opinion is not required. *Id.* The decision to admit expert testimony is within the discretion of the trial court, and it will not be overturned unless the discretion is abused. *Id.*

The testimony of the Van Meters' expert was unnecessary to assist the jury in determining whether Mr. Chaney negligently operated his 18–wheel tractor trailer. The jury was provided with enough information at trial to enable it to evaluate the facts of the case. Mr. Chaney admitted that he was aware of the federal regulation which requires doors to be secured and latched before a tractor trailer is moved. The trial court took judicial notice of the Federal Motors Guide for the purpose of preparing instructions for the jury, and the jury was instructed in accordance with the specific regulation regarding moving a tractor trailer with unsecured doors. The expert's opinion based on the federal regulation would, therefore, only have been redundant.

■ Similarly, the jury was capable of reaching a reasonably accurate conclusion on whether Mr. Chaney was negligent in operating his tractor trailer without the expert's opinion regarding what the driver of a tractor trailer should or should not be able to see with his mirrors. This subject matter was not so specialized or removed from the scope of common knowledge or experience as to require an expert's opinion. The trial court, therefore, did not abuse its discretion in excluding the expert's testimony.

The judgment of the trial court is affirmed.

All concur.