STATE of Missouri, ex rel. MISSOURI HIGHWAYS AND TRANSPORTATION COMMISSION, Relator–Respondent,

v.

John J. STEWART, et al., Jennie Johns Cutts, Collector of Revenue for Shannon County, Missouri, Defendants,

Grace H. Duff, a single person, and Robert A. McQuerry, Tina McQuerry, Defendants–Appellants.

No. 26422.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 28, 2005.

Steven A. Privette, Willow Springs, MO, for Appellants.

John W. Koenig, Jr. and Rich Tiemeyer, Sikeston, MO, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

The State of Missouri, *ex rel.* Missouri Highways and Transportation Commission ("Highway Commission") brought a condemnation suit against the property owners to take six-tenths of an acre by eminent domain for a new bridge. The case was tried to a jury and judgment entered for the Highway Commission. The prop-erty owners bring this appeal challenging the admission of testimony by an appraiser for the Highway Commission; they contend that the trial court erred in allowing the witness to give an opinion as to the value of the property damage. First, Appellants contend the witness was not properly designated by the court as an expert and, second, if he was so designated, there was no proper foundation for such a designation. We find no error and affirm.

It is clear from the transcript that the court, despite its reservations concerning the qualifications of the Highway Department's expert witness, Brad Newberry, allowed Mr. Newberry to testify as an expert. After extensive questioning out of the presence of the jury, the court admonished the parties about the difference between the admissibility of testimony and the weight that should be given any testimony and stated, "I am going to—I'm going to allow him to express an opinion. But it is such a close and marginal question that I'm going to allow considerable latitude in the evaluation of his—ah—the weight to be given to his testimony." Mr. Newberry was allowed to testify as an expert witness; thus, Appellants' first point has no merit and it is denied.

Appellants' second point appears to challenge the foundation of Mr. Newberry's testimony as an expert; however, their point fails to state in summary fashion why, in the context of the case, the foundation for Mr. Newberry's testimony was deficient. Their point simply states, "no foundation was made which established the witness to be an expert, under Missouri case law and RSMo. § 490.065." The point relied on shall explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. Rule 84.04(d)(1)(C). Nevertheless, as it appears that Respon-

dent was able to address the merits of Appellants' argument, we shall do so also.

■ Appellants' argument, aside from including the concerns of the trial court on the record, is that Mr. Newberry was not a licensed general appraiser and would not have been able to appraise a commercial property such as the one at issue had he not been employed by the Highway Department. The Highway Department counters Mr. Newberry was qualified to testify as an expert and that a proper foundation was presented to the trial court. It notes that Mr. Newberry was a licensed real estate professional with a Missouri Residential Certification, he had completed and passed the exam for Missouri general certification, he has eight years appraisal experience with the Missouri Department of Transportation, and he has completed over 300 appraisals on real estate parcels with at least one hundred of those as commercial appraisals. The Highway Department also notes that Mr. Newberry has testified in Missouri circuit courts as an expert on real estate values on previous occasions, he was on the property on the date of valuation, and he had appraised riverfront commercial properties before.

■ An expert's testimony is always fraught with questions of relevancy and competency; therefore, the decision to admit expert conclusions is a matter of trial court discretion that will not be overturned on appeal absent an abuse of discretion. *State v. Copeland,* 928 S.W.2d 828, 837 (Mo. banc 1996). "The trial court [abuses] its discretion only when the ruling is 'clearly against the logic of the circumstances or when it is arbitrary and unreasonable.'" *State v. Williams,* 828 S.W.2d 894, 899 (Mo.App. E.D.1992) (quoting *State v. Corpier,* 793 S.W.2d 430, 441 (Mo.App. W.D.1990)). In the final analysis, the trial court used its considerable discretion to

allow, albeit reluctantly, Mr. Newberry to give an expert opinion; we find no abuse of that discretion. Point two is denied.

The judgment is affirmed.

GARRISON, P.J., and PREWITT, J., concur.