CONCURRING OPINION

MARY W. SHEFFIELD, J.
I concur in the clearly reasoned principal opinion of the majority. I write separately, however, because I believe a few additional observations are appropriate.
Although it is proper to deny review where an appellant fails to make an argument regarding a portion of the analysis critical to a claim, our sister districts often note the rule before making a complete analysis of the issue. See, e.g., Byers v. Cheng, 238 S.W.3d 717, 726 (Mo.App.E.D.2007); In re G.G.B., 394 S.W.3d 457, 472 (Mo.App.E.D.2013): In cases where important interests are at stake, this practice assures the parties that their claims are receiving a minimum level of review in spite of any errors their attorneys may have made. I believe the liberty interest in a civil commitment proceeding under Sections 632.480 to 632.513 warrants such analysis.
In the present case, a review of the record convinces me Appellant was not prejudiced by the trial court’s ruling. “When expert testimony is excluded ... our ‘focus is not on whether the evidence was admissible but on whether the trial court abused its discretion in excluding the evidence.’ ” In re Marriage of Patrick, 201 S.W.3d 591, 595 (Mo.App.S.D.2006) (quoting Jones v. Grant, 75 S.W.3d 858, 862 (Mo.App.W.D.2002)). Thus, Missouri courts typically do not find prejudice from exclusion of evidence when the evidence excluded would have been cumulative. Van Meter v. Dahlsten Truck Line, Inc., 943 S.W.2d 680, 682 (Mo.App.W.D.1997).
Here, as Appellant’s offer of proof shows, his goal in discussing Dr. Swan’s definition of “more likely than not” was to demonstrate she did not use 50 percent as her standard. Dr. Swan’s testimony during the offer of proof was that the standard is not necessarily over 51 percent because “an individual can be more likely than not and not have a 50 percent chance as far as the actuaríais go.” However, during Appellant’s cross-examination of Dr. Swan before the jury, Dr. Swan admitted Appellant’s score on the actuaríais was lower than average and reflected at most a 24.3 percent chance of being arrested or convicted of another offense within 10 years. Because Appellant was permitted to adduce evidence similar to the testimo *340 ny the trial court excluded, he was not prejudiced by the trial court’s ruling.